IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**DANIEL JAY GREEAR,**

        **Petitioner,**

**v.**           **Civil Action No. 3:19-CV-56**
        **(GROH)**

**C. GOMEZ, Acting Warden, FCI Gilmer,**

        **Respondent.**

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On April 15, 2019, the pro se Petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241. ECF No. 1. Petitioner is a federal inmate who is housed at FCI Gilmer who is challenging the validity of his sentence imposed in the United States District Court for the Western District of Virginia.

The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the Petition be dismissed without prejudice.

1

## II.     FACTUAL AND PROCEDURAL HISTORY[1]

### A.     Conviction and Sentence

Petitioner and 22 co-defendants were indicted in the Western District of Virginia, case number 2:15-CR-00015, with various drug trafficking offenses.  ECF No. 24.  On January 29, 2016, Petitioner filed a plea agreement, and on February 8, 2016, Petitioner entered his guilty plea to Counts 1 and 14 of the indictment, which respectively charged him with conspiracy to distribute and possession with intent to distribute five kilograms of a Schedule I controlled substance, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c).  ECF Nos. 378, 432.   Petitioner was sentenced to 60 months for each offense, to be served consecutively to one another, for an aggregate term of 120 months. ECF Nos. 718, 723 at 2.

### B. Direct Appeal

A review of the docket and PACER reveals that Petitioner did not appeal his conviction or sentence.

### C. Post-Conviction Relief: Motion to Vacate Under 28 U.S.C. § 2255

A review of the docket and PACER reveals that Petitioner did not file a motion for relief under § 2255.

### D.     Claims in Instant § 2241 Petition

The instant § 2241 petition filed with the Court on April 15, 2019, states a single ground for relief.  Petitioner contends that the consecutive sentences for Counts 1 and 15

---

[1]  All CM/ECF references in facts sections II.A, II.B., and II.C. refer to entries in the docket of Criminal Action No. 2:15-CR-00015, in the Western District of Virginia.

are improper based on the holdings in Dean v. United States, 137 S.Ct. 1170 (2017). ECF No. 19 at 5.  For relief, Petitioner requests he be resentenced to 60 months for his § 924(c) conviction and to one day for his conspiracy conviction, which he characterizes as the predicate crime.  ECF Nos. 1 at 8, 19 at 1.

In his memorandum[2] supporting his petition, Petitioner asserts that "the increase in the calculation of his sentencing range based on the 924(c) stacking, resulted in a longer sentence," and that he satisfies the Wheeler test for relief as to his sentence under § 2241.  ECF No. 19 at 9.

### III.   LEGAL STANDARDS

#### A.   Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

---

[2] Petitioner filed a 18-page memorandum [ECF No. 1-1] which he attached to his petition, on April 15, 2019.  Petitioner later filed a motion [ECF No. 15] to exceed the page limitation.  The Court granted in part the motion to exceed, and granted Petitioner permission to file a 10-page memorandum.  ECF No. 16.  Petitioner filed two additional memoranda, a nine-page memorandum [ECF No. 18] on April 16, 2020 and an amended 10-page memorandum [ECF No. 19] on April 21, 2020.

### B.   Pro Se Litigants

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous if it is without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in Neitzke recognized that:

> Section 1915(d)[3] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

Id. at 327.

### C.   Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction.  By contrast, a

---

[3] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Fontanez v. O'Brien, 807 F.3d 84, 85 (4th Cir. 2015). In a § 2241 petition, a prisoner may seek relief from such things as the administration of his parole, computation of good time or jail time credits, prison disciplinary actions, the type of detention, and prison conditions in the facility where incarcerated. Id.; see also Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

### IV.    ANALYSIS

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction and/or his sentence under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of (1) a limitation bar,[4] (2) the prohibition against successive petitions, or (3) a procedural bar due to failure to raise the issue on direct appeal. In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

---

[4] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:
    a.    The date on which the judgment of conviction becomes final;
    b.    The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    c.    The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[5] and the standard is an exacting one. The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause. Which test is to be applied depends on whether the petitioner is challenging the legality of his conviction or the legality of his sentence. See United States v. Wheeler, 886 F.3d 415, 428 (4th Cir. 2018); In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000). When a petitioner is challenging the legality of his conviction, § 2255 is deemed to be "inadequate or ineffective" only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333–34.

When a petitioner is challenging the legality of his sentence, § 2255 is deemed to be "inadequate or ineffective" only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;

---

d.   The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

[5] This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429.  The Fourth Circuit has specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler.  Id.

Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the Jones test (if challenging the legality of his conviction) or the Wheeler test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims.  See Wheeler, 886 F.3d at 423–26.

In the sole ground for relief articulated in the petition, Petitioner claims his consecutive sentences on Counts 1 and 15 are invalid based on the holding of Dean v. United States, 137 S.Ct. 1170 (2017).  However, Petitioner's reliance on Dean is misplaced.  In Dean the Supreme Court held that "[n]othing in th[e] language [of § 924(c)] prevents a district court from imposing a 30-year mandatory minimum sentence under 924(c) and a one-day sentence for the predicate violent or drug trafficking crime, provided those terms run one after the other."  137 S.Ct. at 1177.  The Supreme Court did not hold that a district court must sentence an offender to a one-day sentence for a § 924(c) predicate offense, only that a district court has the discretion in calculating the sentence

7

for the predicate offense, to consider that a defendant will serve the mandatory minimum under § 924(c).  Id. at 1174.

Because Petitioner's direct appeal rights have expired, he may seek leave to file a § 2255 under § 2255(h)(2) or he can file a § 2241 relying on the § 2255(e) savings clause. But Petitioner's argument does not rely on newly discovered evidence or an applicable new rule of constitutional law, and relief under 28 U.S.C. § 2255(h) is inappropriate. Therefore, in order for Petitioner to obtain relief under § 2241, he must rely on the § 2255(e) savings clause.  Because Petitioner is challenging only his sentence in a § 2241, he must meet four prongs of the Wheeler test for this Court to have jurisdiction to hear his challenge on the merits.

In his challenge to his sentence, even if Petitioner meets the first prong of Wheeler, Petitioner cannot meet the second prong. which requires a showing that subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review. Petitioner cannot satisfy any of the three clauses of the second Wheeler prong: (1) he did not file a direct appeal; (2) he did not file a § 2255 motion; and (3) his reliance on Dean is misplaced.  Dean does not mandate that a district court impose a one-day sentence for a predicate offense for § 924(c), merely that a district court has the discretion to do so.  Further, his reliance on Dean is faulty, as it has not been ruled to apply retroactively to cases on collateral review.  Therefore, Petitioner fails to satisfy the § 2255(e) savings clause and this Court need not consider whether he meets the remaining prongs of Wheeler.  Because Petitioner cannot satisfy the savings clause of § 2255(e) under

8

Wheeler, as to his claim pursuant to Dean, his challenge to his sentence may not be considered under § 2241, and this Court is without jurisdiction to consider his petition.

When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

### V.     RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that the petition [ECF No. 1] be **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

The Petitioner shall have **fourteen (14) days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED:   September 10, 2020

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE